GROCE *v.* STATE OF INDIANA.

[No. 1067S94. Filed May 13, 1968. Rehearing denied June 25, 1968.]

*Henry P. Schrenker,* of Anderson, for appellant.

*John J. Dillon,* Attorney General, and *Rex P. Killian,* Deputy Attorney General, for appellee.

MOTE, J.—The Appellant was charged by affidavit with inflicting physical injury while committing robbery. The jury found him guilty and the court sentenced the Appellant to life imprisonment in the Indiana State Prison.

The Appellant predicates his appeal on two major propositions:

(1) That the evidence and reasonable inferences drawn therefrom are insufficient to sustain the verdict, and

(2) That where fundamental error is apparent on the face of the record, the Supreme Court will review the entire record even though the alleged errors were not timely objected to on the trial of the cause nor specified in the Motion for New Trial.

The evidence most favorable to the State reveals the following: The victim, Mrs. Blanche K. Bing, lived at 2412 Nichol Avenue, Anderson, Indiana, on September 1, 1966. She had gone to the store between 11:00 and 11:30 o'clock in the

morning and arrived home between 11:30 and noon. She entered her house and went into the kitchen and was preparing to put water on the stove when she was attacked from the rear. In the struggle, she was cut on the neck and on the hand. Mrs. Bing was able to say only that the man was colored and his build "was familiar" to that of the Appellant. She further testified that she had left her purse on the dining room table about ten or twelve feet from the kitchen. The assailant had a knife, which was found later by the police and found not to belong to Mrs. Bing.

Appellant argues first that there was insufficient evidence of identification that he was the assailant. There appears to be no probative value to the identification by Mrs. Bing of the Appellant as the man who attacked her. A neighbor, when asked if she saw the Appellant run from the Bing residence, said: "I believe I did, yes." There was some testimony by witnesses that the man who fled from the home had "shiny, slicked down hair" and a police officer who knew the Appellant testified he had processed hair which was shiny and that it was in the same condition when he was arrested.

Without more evidence, Appellant's contention that this was insufficient identification would have merit. However, further testimony reveals that entrance to the house had been gained through a basement window and the police found a print of a left index finger on a piece of broken glass from this window. This print was taken to the Identification Supervisor at the Indiana State Police Headquarters and was identified as matching the print on Appellant's identification card. It is well established that this Court on review does not weigh the evidence, but determines if there was evidence presented of probative value which would justify as a matter of law a finding of guilty by the jury. *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

We find sufficient evidence to justify the jury's finding that the Appellant broke into and ran from the Bing residence.

Appellant further argues that inasmuch as the affidavit charges, and the crime of robbery requires, a taking from the person or his presence there was error in finding that the purse taken from the dining room table was in the presence of the victim. We find no merit in this argument. In *Chizum* v. *State* (1931), 203 Ind. 450, 453, 180 N. E. 674, this Court stated:

> "Since our statute uses the words 'from the person of another,' it would not be unreasonable to assume that the Legislature intended that they should be given the same meaning attributed to them at common law, and thus construed, it is not essential to a conviction for the crime of robbery, as said in Hill v. State (1894), 42 Nebr. 503, 527, 60 N. W. 916, 'that the property be taken from the body of the person wronged. It is sufficient if taken from his personal presence or personal protection'."

Again, in *Mahoney* v. *State* (1931), 203 Ind. 421, 424, 180 N. E. 580, this Court repeated that "(T)he words 'from the person of another' contained in the robbery statute are not so strictly construed as to exclude the taking of property from the immediate presence of the person." Taking from another room has been held to be taking from the "presence" as required by a statute such as ours. *State* v. *Calhoun* (1887), 72 Iowa 432, 34 N. W. 194.

There appears to be sufficient evidence for the jury to have concluded that Appellant entered the house, attacked Mrs. Bing, grabbed her purse from the table, fled the house and threw the purse into a nearby wooded area. Testimony by witnesses previously referred to revealed that the man seen running from the house was carrying a green purse and threw it in to the area where police later found a green purse identified by Mrs. Bing as her own. We therefore find no merit in Appellant's next argument that there was insufficient evidence of the requisite intent to rob. It is well established that the requisite of specific intent may be inferred from the commission of the act.

Appellant, as his second major argument on appeal, cites as error certain admissions in evidence, prejudicial cross-examination and improper instructions, none of which admittedly were objected to at trial nor specified in his Motion for New Trial. Appellant argues, however, citing *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, that where fundamental error is apparent on the face of the record, the entire record should be reviewed even though the objections to the alleged errors would normally have been waived. The general rule applicable was stated by this Court in *Hayden* v. *State* (1964), 245 Ind. 591, 599, 199 N. E. 2d 102:

". . . all errors occurring prior to or during the trial, and relied upon as cause for reversal on appeal, must first be assigned as grounds in support of the motion for new trial."

This rule is embodied in Rule 2-6 of this Court. See also: *Brown* v. *State* (1958), 239 Ind. 184, 154 N. E. 2d 720; *Kraus* v. *Kraus, Executor, etc., et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608; *Indiana Union Traction Co.* v. *Keiter* (1911), 175 Ind. 268, 92 N. E. 982; *Northern Ind. Pub. Service Co.* v. *Nielsen* (1952), 123 Ind. App. 199, 109 N. E. 2d 442.

The *Hayden* case, at page 599 of 245 Ind., recognizes an exception to this general rule by saying "where the error appears as a matter of record and is of such a nature that this court can take judicial knowledge that such error being present, the appellant could not, under any circumstances, have had a fair trial." Neither in *Hayden* nor in the instant case is the factual situation within this exception.

The Appellant cites *Wilson* v. *State, supra*, as authority for his position but *Wilson* is not to be so extended. That case was decided on the basis of incompetency of counsel and gross prejudicial error by the trial judge resulting therefrom. It must be noted that the error of incompetency of counsel would normally not be expected to be specified in the motion for new trial by the counsel himself and thus needs somewhat

different consideration. It appears the *Wilson* case cannot be extended beyond this thesis.

The Appellant in *Hayden* v. *State, supra,* also cited the *Wilson* case but the court found it was not applicable as it was decided prior to the adoption of Rule 2-6.

We find, therefore, that since Appellant cannot avail himself of the limited exception to the established rule, he has waived those errors not timely objected to nor specified in his Motion for New Trial.

Judgment affirmed.

Lewis, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 236 N. E. 2d 28.