## THOMASON *v.* STATE OF INDIANA.

[No. 370S65. Filed November 19, 1970. Rehearing denied December 30, 1970.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the Marion Criminal Court, Division 2, where appellant was found guilty as charged of robbery. Trial by jury having been waived, the appellant and two others were tried before Judge Saul I. Rabb.

Testimony at the trial indicates that shortly after 3:00 a.m. on July 27, 1969, Gary Underwood was working as an attendant at the United Oil Service filling station at 5901 Bluff Road in Marion County, Indiana, when he observed a car coming down the street without any lights on. The car pulled into the station and two girls and a man got out. While one of the girls used the restroom, the man asked Underwood how the business was going. They left and about five minutes later they returned from the opposite direction, passed the filling station, stopped the car, and then walked back to the station.

The man who was at the filling station just a few minutes before was now wearing a handkerchief over his face. He pulled a gun out of his pocket, and as Underwood started giving money to him, the same man marched Underwood to the back of the filling station and took the money that he had in his pocket. Underwood was told that he would be shot if he moved.

Immediately after the robbery, a friend of Gary Underwood, Victor Paynter, arrived on the scene and he and Underwood pursued the automobile used to escape. Underwood got out of the car to call the police, while Paynter continued to follow the escape car. The pursued automobile, however, soon hit a median and ended up in a ditch.

Appellant contends on this appeal that the judgment of the trial court is not sustained by sufficient evidence of identification as to the appellant Thomason and that there is no evidence in the record to prove the allegation made in the

affidavit that the money was in fact the property of "United Oil Service, Inc., a corporation."

We find appellant's first contention without merit. The courtroom identification of the defendants at the trial consisted of the following testimony by Gary Underwood:

"Q. Are any of those people in the courtroom today?
"A. Yes, they are.
"Q. And, would you point them out to the Court, please, describe what they're wearing today?
"A. Well, the man has the blue jail uniform on.
"Q. At the end of counsel table there?
"A. Yes.
"Q. Alright, anybody else over there?
"A. The boy in between the two men with suits on.
"Q. Wearing blue coveralls, also?
"A. Yes.
"Q. Anybody else?
"A. The lady with the brown with the white.
"Q. Sitting at counsel table also?
"A. Yes."

Also, on cross examination, Underwood testified as follows:

"A. She—they were all four together and then he cut around like this on this side of the pumps and the other three stood on the other side, and I walked toward him and started giving him the money and that's when he told me to turn around ...
"THE COURT: Give the money to who?
"A. To the guy at the end of the table. Started giving him the money ..."

The court knew who the defendants were since they stood before the court at the time they made their pleas. The record further shows that defendant's trial attorney objected on behalf of his client although the above direct examination referred only to the man "at the end of counsel table there." The judge sustained this objec-

tion on behalf of the defendant, who was the man "at the end of the table", and overruled another objection made by counsel on behalf of that same man. Although the State undoubtedly could have and should have made a better identification, we think it was sufficient in this case to identify the defendant with the testimony.

We likewise find no merit in appellant's second contention that the judgment should be reversed because there is no evidence in the record to prove the allegation made in the affidavit that the money was in fact the property of "United Oil Service, Inc., a corporation". The affidavit also stated that the money was taken from the person of Gary Underwood and that he had lawful possession of this money. It was not contested that Gary Underwood had lawful possession of this money. At the trial, Underwood testified that the money belonged to his employer. We find that in this situation no further proof of ownership was necessary. Also, appellant has failed to show how he was prejudiced by this alleged error, and thus it would not be grounds for reversal anyway. *Roberts, Board* v. *State* (1964), 245 Ind. 185, 197 N. E. 2d 304.

Judgment affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion herein and dissent thereto.

While we do not weigh the evidence on appeal we will review to determine whether or not the judgment is sustained by substantial evidence of probative value. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Lamar* v. *State* (1952), 231 Ind. 508, 109 N. E. 2d 614.

In the case at bar the State's evidence is so carelessly presented that it seems to be lacking in sufficient evidence of probative value to sustain the judgment of conviction.

The defendant-appellant was found guilty of the crime of robbery, and as punishment drew a sentence of not less than ten (10) nor more than twenty-five (25) years in the Indiana State Prison. At the very least he is entitled to be fairly tried and legally convicted. The record in this case is such that grave doubt exists as to the legality of his conviction. *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874; *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6; *Baker* v. *State, supra.*

I am not impressed by the State's argument in favor of waiver. The State is required to prove the guilt of the defendant beyond a reasonable doubt and its burden does not shift.

The affidavit charged, inter alia, the property taken "was the property of United Oil Service, Inc., a corporation". There is an old rule of law to the affect that if the affidavit or indictment contains averments in excess of the language necessary to properly charge the offense, the State having voluntarily assumed that burden must sustain it. There is no evidence in the record as to the corporate existence of United Oil Service, Inc., a corporation.

The judgment should be reversed and remanded with instructions to sustain the motion to correct errors.

NOTE.—Reported in 263 N. E. 2d 725.