John R. LANE, Jr., Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1180S424.

Supreme Court of Indiana.

Dec. 3, 1981.

Nancy L. Broyles, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

John R. Lane, Jr., was convicted by a jury of two counts of robbery, a class B felony. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to concurrent terms of fifteen years with the Indiana Department of Corrections. In his direct appeal, he presents the following issues for our review:

1. Whether the trial court erred when it refused to grant defendant's motion for mistrial based on the alleged improperly tainted jury;

2. Whether the evidence was sufficient to support the verdicts; and

3. Whether the trial court erred when it sentenced defendant upon two counts of robbery for his conduct, which constituted only one offense.

The record reveals that on September 6, 1979, the Union Federal Savings and Loan branch office at 6200 East 46th Street in Indianapolis was robbed at gunpoint. In the early afternoon hours, a tall black male entered the bank and approached teller Denise Roger's window counter. Rogers, who was in conference with fellow employees Lillian Oancea and Sharon Kirk in a back room, left the room to attend the man. The man pointed a handgun at her and directed her back into the other room with her fellow employees. He then ordered Lillian Oancea to the outer room, where, at gunpoint, he ordered Oancea to give him the money. She complied, taking the cash inventory from each of the teller windows individually assigned to her and Rogers. He then ordered Oancea, together with the two employees in the back room, into the furnace room, and fled.

I.

Defendant claims the trial court erred when it refused to grant his motion for mistrial made at the outset of trial. His motion was predicated on the fact that one of the jurors sworn for the trial was aware that a prospective witness for the defense was facing charges on an unrelated offense in another trial that same day. In response to the motion, the trial court proposed the juror in question be discharged from duty and replaced with the alternate juror. The record reveals that both the state and defendant's counsel expressly and unequivocally agreed that the court's proposed remedy was agreeable.

Defendant cannot now complain of a course of action in which he acquiesced and induced the trial court to take. *Jolly v. Modisett*, (1971) 257 Ind. 426, 275 N.E.2d 780. His acquiescence rendered the motion for mistrial moot, as the trial court correctly noted for the record.

II.

Defendant contends the evidence was insufficient to support the jury's verdict. His argument is two-pronged: (1) he maintains the evidence was insufficient to establish

his identity as the person who entered the savings and loan association and, at gunpoint, took the money, and (2) he asserts the evidence was insufficient to establish that United States currency was taken "from the person or presence of Denise M. Rogers," as the state had alleged in the charging instrument.

It is well settled that when the sufficiency of evidence is raised as an issue on appeal, this Court will not weigh the evidence or judge the credibility of witnesses. Rather, we will examine only the evidence most favorable to the state, together with the reasonable inferences that can be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact-finder's conclusion, it will not be set aside. *Moon v. State*, (1981) Ind., 419 N.E.2d 740; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

The testimony regarding the identification of defendant as the perpetrator was conflicting. Consistent with our standard of review, the record does reveal that savings and loan association employees, Rogers, Oancea, and Kirk, each made unequivocal in-court identifications of defendant. Rogers and Oancea also made unequivocal pretrial photographic identifications.

■ In support of his argument, defendant relies on discrepancies between defendant's appearance and physical descriptions the women gave to police and at trial, such as facial hair. Similar discrepancies in the women's descriptions of his clothing and automobile are relied on by defendant to buttress his argument. These contentions strike at the credibility of the witnesses. The jury had the opportunity to view the physical evidence; we are not at liberty in these circumstances to supplant our subjective evaluation for the conclusion of the jury, for it is well established that identification testimony need not be unequivocal. *Lottie v. State*, (1974) 262 Ind. 124, 311 N.E.2d 800; *Wilson v. State*, (1977) 172 Ind.App. 476, 360 N.E.2d 1010.

■ Defendant's contention that the evidence was insufficient to establish that United States currency was taken "from the person or presence of Denise M. Rogers," as the state alleged in the charging instrument, presents a somewhat more arguable question. The evidence is uncontroverted that Denise Rogers was not present in the general area of the tellers' windows when Oancea took the money from each of the teller's cash drawers and handed it to defendant. Rather, at that moment, she was in the back room of the savings and loan association. The evidence does not reveal whether the door joining the two rooms was open or closed, but Rogers' testimony was that she could not view defendant and Oancea during that period. It is uncontradicted that money was taken from her assigned teller's window.

In the subsection of its brief devoted to arguments concerning defendant's attack on the sufficiency of the evidence, the state has presented no analysis concerning this aspect of defendant's evidentiary claims. In its subsection devoted to defendant's claim of sentencing error, however, the state has presented the following argument:

> "The evidence establishes that defendant threatened both Denise Rogers and Lillian Oancea with a gun. The fact that he threatened both bank tellers is indicative of his intent to take money from them. Following the spirit of the law, Miss Rogers' presence was established at the commencement of the crime; when defendant drew his gun and threatened her."

In response to defendant's claim that his conduct constituted only one offense rather than two, the state also argues, albeit impliedly, that *Williams v. State*, (1979) Ind., 395 N.E.2d 239, is contrary to the "spirit" of the robbery statute. In *Williams*, this Court held that an individual who robbed a business establishment, taking that business's money from four employees, could be convicted of only one count of armed robbery. *Id.*

The issues before us consequently are inextricably intertwined. We therefore consolidate them for purposes of discussion. In addition, to facilitate clarity, we reiterate

the elements of robbery as statutorily defined:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

"(1) by using or threatening the use of force on any person; or

"(2) by putting any person in fear; "commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person." Ind. Code § 35–42–5–1, *supra.*

Notwithstanding the state's failure to expressly argue the question of the sufficiency of the evidence, it could be said that the "taking" was from the presence of Rogers. *Groce v. State,* (1968) 250 Ind. 582, 236 N.E.2d 597; *Paulson v. State,* (1979) Ind. App., 393 N.E.2d 211. Those decisions were predicated upon the rationale that "presence" is broadly defined to encompass objects of value which, but for the intimidation of the person, would be within his or her control. *Id.* Accordingly, taking an object from another room has been held to constitute a taking from the presence of a person. *Groce v. State, supra; Paulson v. State, supra.*

Still, we are not persuaded that the application of *Williams v. State, supra,* to the circumstances present here would defeat the "spirit" of the robbery statute, as the state asserts. The state argues that the fact that defendant "threatened both bank tellers is indicative of his intent to take money from them." The defendant's intent, quite obviously, was to take the bank's money; he took no personal property of either Rogers or Oancea.

It is on this basis that the rule of *Williams v. State, supra,* is predicated. Were we to overrule the *Williams* rule, the implication would be that defendant's act of replacing Rogers with Oancea was, under the state's rationale, the factor which transformed his conduct into two armed robberies rather than one. Furthermore, under the rationale of the state, coupled with *Groce v. State, supra,* and *Paulson v. State, supra,* the state could conceivably have charged defendant with a third armed robbery: that of Sharon Kirk. She was manager of the branch savings and loan association and remained in the back room throughout the robbery. With her access to the tellers' drawers, together with the fact that defendant pointed the handgun at her, it would follow that a third robbery also occurred were *Williams v. State, supra,* to be overruled. We do not believe the robbery statute was intended to provide multiple punishments for conduct which amounts to a single unitary transaction.

We are consequently persuaded that the circumstances here buttress our conclusion that the rule enunciated in *Williams v. State, supra,* perpetuates rather than circumvents the spirit of Ind.Code § 35–42–5–1, *supra.* In addition, the rule is consonant with the proposition that doubts in the enforcement of the criminal code are to be resolved against the imposition of a harsher punishment. *Bell v. United States,* (1955) 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; *Williams v. State, supra.* We thus reaffirm *Williams v. State, supra.*

For the foregoing reasons, defendant's conduct constituted only one armed robbery offense. The conviction and sentence imposed under Count I are affirmed; the conviction and sentence imposed under Count II are hereby vacated.

Judgment of the trial court is affirmed in part and reversed in part.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents with opinion.

PRENTICE, Justice, dissenting.

I dissent from the majority's treatment of Issue III. The rule of *Williams v. State,* (1979) Ind., 395 N.E.2d 239, 248–49, is a severe departure from the common law concepts of the offense of Robbery, does not comport to the language of the robbery statute, and should be overruled.

By its terms Ind.Code § 35–42–5–1 creates an offense against the person. In Indiana Robbery has always been an offense against the person. *Chizum v. State*, (1932) 203 Ind. 450, 453, 180 N.E. 674, 675; *Hickey v. State*, (1864) 23 Ind. 21, 22. To prove the offense, there must be a taking of property from a person or his presence, through the use of force or threats of force or by putting the person in fear. The victim must have control, custody or actual possession of the property taken. Thus, I agree with the majority's application of *Groce v. State*, (1968) 250 Ind. 582, 236 N.E.2d 597 and *Paulson v. State*, (1979) Ind.App., 393 N.E.2d 211 to teller Rogers. The defendant would not have been able to take the bank's money from the tellers' drawers in this case without first threatening Rogers. Additionally Defendant threatened teller Oancea in order to obtain the bank's money. Two persons were threatened, and property was taken from the control or custody of each. Under the language of Ind.Code § 35–42–5–1 (Burns 1979) two Armed Robberies occurred.

The majority avoids this result by resort to irrelevant observations.

Defendant's intent to take only the bank's money and his failure to take personal property from the tellers are irrelevant. Possession, custody, or control of the property taken in the victim threatened is all that need be shown. The ownership of the property taken is immaterial. *Swope v. State*, (1975) 263 Ind. 148, 164, 325 N.E.2d 193, 201, *cert. denied*, (1975) 423 U.S. 870, 96 S.Ct. 135, 46 L.Ed.2d 100; *Jackson v. State*, (1971) 257 Ind. 477, 481, 275 N.E.2d 538, 540; *Thomason v. State*, (1970) 255 Ind. 260, 263, 263 N.E.2d 725, 727; *Smith v. State*, (1969) 252 Ind. 148, 246 N.E.2d 765; *Webster v. State*, (1973) 155 Ind.App. 510, 293 N.E.2d 529, 533.

The majority either overlooks or ignores this rule and states that the robbery statute was not intended to provide multiple punishments for conduct which amounts to a single unitary transaction. We must infer that the unit of transaction is the robbery of a bank, in which several persons are threatened and property is taken from each. In each case decided after *Williams*,[1] more than one person was threatened and property was taken from each person threatened. With the exception of *Rogers*, we repeatedly distinguished *Williams* and affirmed convictions consisting of multiple counts of Robbery; one count per person threatened and from whom property was taken. The ownership of the property taken was never a significant factor. In *McKinley, Hatcher* and *Duvall*, we sustained an additional count of Robbery which charged the taking of the business' money from a cashier. And, we explicitly and unanimously rejected the single unitary transaction aspect of *Williams* in *Young v. State*, (1980) Ind., 409 N.E.2d 579, 583.

The majority further extolls the *Williams* rule because of the possibility of a third count of Robbery involving the bank manager. Had a third count been charged, the only issue would have been whether or not the money had been taken from the manager. The majority admits that she was threatened. We need not determine that issue in this case, however, and the majority's reference thereto misses the point.

In *Williams*, through the irrelevant vehicle of ownership, we erroneously transformed the bank into the "person" protected by the Robbery statute. A bandit cannot rob a bank or any other business establishment. He can only rob the agents or employees of the business of property in their possession, control, or custody.

The potential for *Williams* to be used to support unwarranted charges of Robbery is illustrated in *Lash v. State*, (1981) Ind.App., 414 N.E.2d 338, where three persons took the cash register receipts of a business establishment and money from each of its two employees. Defendant was charged with

---

1. *Rogers v. State*, (1979) Ind., 396 N.E.2d 348; *McKinley v. State*, (1980) Ind., 400 N.E.2d 1378; *Ferguson v. State*, (1980) Ind., 405 N.E.2d 902; *Young v. State*, (1980) Ind., 409 N.E.2d 579; *Hatcher v. State*, (1980) Ind., 410 N.E.2d 1187; *Duvall v. State*, (1981) Ind., 415 N.E.2d 718.

Count I—Robbery of the business property of Maria Pizza, Inc. from Ruby Lewis; Count II—Robbery of the personal property of Ruby Lewis from Ruby Lewis; and Count III—Robbery of the personal property of Adean McCollon from Adean McCollon. The court, in granting post conviction relief, stated:

"The robbery statute specifically speaks not only in terms of a taking but also of *an* individual being placed in fear or subjected to violence. We conclude the legislative intent is that each person has a sanctity that is to be protected. Thus, while courts have chosen to diminish the importance of the amount, type or ownership of property we will not similarly emasculate the element of fear in the robbery statute. Placing multiple persons in fear and taking property from them constitutes multiple offenses of robbery. Proof of the element of fear is separate and distinct as to the identity of the person from whom the property is taken although, due to the single larceny doctrine, proof of the item taken or its ownership, regardless of how multiple, can establish but one theft. Therefore, we conclude, there may be as many offenses of robbery as there are persons placed in fear or subjected to violence and from whom property is taken." *Id.* at 343–44.

I agree with the Court of Appeals. There were four robberies in *Williams* and two robberies in *Rogers*. *Williams* is not consistent with the law of Robbery as expressed in the cases which precede and follow it, and it should be overruled. The judgment of the trial court should be affirmed in its entirety.