**Lucius WALKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–0809–PC–452.

Court of Appeals of Indiana.

April 7, 2009.

Transfer Denied June 11, 2009.

Susan K. Carpenter, Public Defender of
Indiana, J. Jeffreys Merryman, Jr., Depu-
ty Public Defender, Indianapolis, IN, At-
torneys for Appellant.

Gregory F. Zoeller, Attorney General of
Indiana, J.T. Whitehead, Deputy Attorney
General, Indianapolis, IN, Attorneys for
Appellee.

## OPINION

MATHIAS, Judge.

Lucius Walker ("Walker") was convicted
in Allen Superior Court of Class A felony
robbery and Class B felony robbery. Af-
ter his convictions were affirmed on direct
appeal, Walker filed a petition for post-
conviction relief. In his petition, Walker
alleged that his trial counsel was ineffec-
tive for failing to argue that his convictions
for both robberies violate the single larce-
ny rule. The post-conviction court denied
Walker's petition for post-conviction relief
and Walker appeals. Concluding that
Walker's trial counsel was not ineffective,
we affirm.

### Facts and Procedural History

In 2004, Walker was convicted of Class
A felony robbery and Class B felony rob-
bery, and the convictions were affirmed on
direct appeal. The facts, as stated in Walk-
er's direct appeal, are as follows:

> On December 19, 2001, Walker, Donte
> Monday, and Robert Hardy agreed to
> rob a BP gas station and a Wendy's
> restaurant located inside the station,
> both of which are near the intersection
> of Anthony Street and Crescent Avenue
> in Fort Wayne. Hardy drove Walker
> and Monday to a nearby apartment com-
> plex and waited in the car while Walker
> and Monday committed the robberies.

> Both Walker and Monday had guns
> and were wearing ski masks. Once they
> approached the gas station, Walker and
> Monday split. Monday entered the BP
> station and Walker entered Wendy's.
> Monday ordered two employees to give
> him money. After the employees filled
> a plastic bag with money, Monday took
> the bag and walked to Wendy's.

> In the meantime, Walker entered
> Wendy's with the ski mask covering his
> face, wearing a red sweatshirt, and
> brandishing a gun. Walker pointed the
> gun at a customer's head and then point-
> ed it at the cashier's head. Walker de-
> manded that the cashier take him to the
> safe. Another employee called for the
> restaurant manager, Shawn Hines.
> Hines opened the safe for Walker and
> gave him a white, leather bag containing
> money and another bag containing Wen-
> dy's gift certificates. Walker started to
> leave, but he then turned around and
> shot Hines before running out of the
> restaurant.

> Both Monday and Walker ran out of
> the gas station and back to the apart-
> ment complex. As Walker ran, he fired
> several shots behind him. Walker and

Monday ran behind the apartment complex and removed the clothes they had worn during the robberies. Next, they both ran to the car where Hardy was standing with Wenona Pontius, a woman who lived in the apartment complex. Walker dropped his gun, ski mask, and red sweatshirt on the ground and ran back behind the apartment building. Soon thereafter, Hardy drove Walker and Monday to Lion's Park, where they hid the bag that had contained the money, a gun, and the clothing worn during the robberies.

In the meantime, Pontius had memorized the license plate of the vehicle Hardy was driving. After Hardy drove away with Walker and Monday, Pontius called 911 and reported the license plate number. Eventually, the police apprehended all three men.

*Walker v. State,* No. 02A03–0406–CR–276, Slip op. at 2–3, 820 N.E.2d 184 (Ind.Ct. App. December 16, 2004). Walker was ordered to serve an aggregate sixty-five year sentence.

On May 27, 2005, Walker filed a petition for post-conviction relief pro se. On November 17, 2007, his petition was amended by counsel, and in that petition, Walker alleged that his trial and appellate counsel[1] was ineffective for failing to argue the single larceny rule. In support of the argument, the petition alleged that counsel was ineffective for failing to discover that the BP gas station and the Wendy's restaurant were owned by the same corporation, Wendy's of Fort Wayne.

The post-conviction court issued findings of fact and conclusions of law on July 24, 2008. The court denied Walker's petition after concluding that trial counsel "would not have succeeded had he raised a claim to the effect that only one robbery was committed, [and therefore] he cannot be found ineffective for failure to do so." Appellant's App. p. 88. Walker now appeals.

### Standard of Review

■ Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State,* 761 N.E.2d 389, 391 (Ind.2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State,* 763 N.E.2d 441, 443 (Ind.2002). The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5) (2006); *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher,* 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

■ The post-conviction court entered findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6) (2006). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—'that which leaves us with a definite and firm conviction that a mistake has been made.'" *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind.2000) (quoting *State v. Moore,* 678 N.E.2d 1258, 1261 (Ind. 1997)). Although we accept findings of fact unless they are clearly erroneous, we give conclusions of law no deference. *Fisher,* 810 N.E.2d at 679.

---

1. Walker was represented by the same attorney at trial and on appeal.

## Discussion and Decision

■ Walker claims that his trial counsel was ineffective for failing to argue that his convictions for both Class A felony robbery and Class B felony robbery violate the single larceny rule.

Claims of ineffective assistance of trial counsel are generally reviewed under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, a claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome."

Appellate review of the post-conviction court's decision is narrow. We give great deference to the post-conviction court and reverse that court's decision only when "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court."

Although the two parts of the *Strickland* test are separate inquires, a claim may be disposed of on either prong. *Strickland* declared that the "object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed."

*Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind.2006) (internal citations omitted). Moreover, we presume that counsel pro-

vided adequate assistance, and we give deference to counsel's choice of strategy and tactics. *Smith v. State*, 765 N.E.2d 578, 585 (Ind.2002).

■ Our supreme court has summarized the single larceny rule as follows:

> The prevailing rule is that when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single "larceny", i.e. a single offense. The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design.

*Raines v. State*, 514 N.E.2d 298, 300 (Ind. 1987) (citations omitted). Walker argues that because he and his accomplice contemporaneously robbed the BP gas station and the Wendy's restaurant, which were both owned by the same corporation, they only took money belonging to that corporation, and therefore, only one robbery occurred. Appellant's Br. at 8–9 (citing *Williams v. State*, 271 Ind. 656, 395 N.E.2d 239, 248 (1979) ("We hold that an individual who robs a business establishment, taking that business's money from four employees, can be convicted of only one count of armed robbery[.]")).

We are not persuaded by Walker's reliance on *Williams*. In that case, Williams entered a bank, approached each of the four tellers and demanded money from them. 395 N.E.2d at 242. Similarly, in *Lane v. State*, 428 N.E.2d 28, 29 (Ind. 1981), the defendant entered a bank and demanded money from the drawers at each teller window. Citing *Williams*, the court concluded, "we do not believe the robbery statute was intended to provide multiple punishments for conduct which amounts to a single unitary transaction." *Id.* at 31.

Importantly, Walker and his accomplice, Monday, did not take money from the same place. Monday entered the BP station and ordered its employees to give him money, and Walker entered the Wendy's restaurant and demanded that the cashier take him to the safe. These facts establish that Monday and Walker intended to take property from two separate businesses and that more than one transaction occurred. That both businesses are owned by a single corporation is unavailing.[2] For these reasons, we agree with the post-conviction court that the single larceny rule is inapplicable under the facts of this case, and therefore, Walker's trial counsel would not have succeeded had he argued at trial that Walker and his accomplice committed only a single robbery. Accordingly, Walker has not established that his trial counsel was ineffective, and we affirm the denial of his petition for post-conviction relief.

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

2. Under Walker's suggested interpretation of the single larceny rule, if two individuals agreed to rob two separate Wendy's restaurants on the same date and at the same time, those individuals would only be guilty of one robbery because both restaurants are owned by the same corporation.