## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 04 2016, 7:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Lane-El
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Kyle M. Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Lane-El,

*Appellant-Plaintiff,*

v.

State of Indiana, Thor R. Miller,
Adam Kegg, et al.,

*Appellees-Defendants.*

May 4, 2016

Court of Appeals Case No.
33A01-1512-MI-2128

Appeal from the Henry Circuit
Court.
The Honorable Kit C. Dean Crane,
Judge.
Cause No. 33C02-1505-MI-73

**Friedlander, Senior Judge**

[1]     John Lane-El appeals from the trial court's order dismissing his complaint and granting summary judgment in favor of the State of Indiana, Bruce Lemmon, the Indiana Parole Board, Thor R. Miller, Virgil R. Madden, Randall P.

Gentry, Charles F. Miller, Frederick A. Medley, and Adam Kegg (the State). We affirm.

[2] In 1980, Lane-El pleaded guilty to class B felony robbery. He received a six-year sentence, to be served consecutively to an additional state court robbery conviction for which he received a fifteen-year sentence, *Lane v. State*, 428 N.E.2d 28 (Ind. 1981); *Lane-El v. State*, No. 33A01-1410-MI-451 (Ind. Ct. App. June 10, 2015), and a twelve-year sentence that was imposed on a federal conviction for robbery. On March 23, 1992, Lane-El was released on parole on the six-year sentence. His parole was revoked, however, when he was found guilty of rape and criminal confinement on August 25, 1993. His habitual offender adjudication was used to enhance his rape conviction resulting in an aggregate sentence of fifty years for the rape and criminal confinement convictions. The victim of Lane-El's offenses was his ex-girlfriend, who was either thirty-six or forty-two years old at the time of the crimes.

[3] Lane-El was released to mandatory parole on July 26, 2015. He was given the general parole stipulations applicable to all parolees, and the Parole Board imposed additional stipulations applicable to sex offenders, the terms of which are contained in Form 49108, entitled Parole Stipulations For Sex Offenders. Appellant's App. pp. 140-43. The Parole Stipulations For Sex Offenders provides in bold print as follows:

> NOTE: The Parole Stipulations identified in this document are subject to modification (addition of requirements or change of existing requirements, based upon changes in information or

circumstances).  Any modification must be recommended by the Parole District to the Indiana Parole Board.

[4] *Id.* p. 143.  Lane-El did not sign the form as required, but was aware of the additional stipulations applicable to sex offenders.  *Id.* pp. 117-18.

[5] Of the stipulations imposed on Lane-El, he takes issue with the following five: 1) the prohibition against residing within 1,000 feet of a school or daycare; 2) the prohibition against intentional contact with children or living in a residence where children live or are regularly present; 3) the requirement to register as a sex offender; 4) the requirement that he participate in the Indiana Sex Offender Management and Monitoring Program (INSOMM); and 5) the requirement that he permit the placement of a GPS device on his person.

[6] The Parole Board has an administrative procedure parolees must use to request modifications of their parole stipulations.  A parolee must submit a request to his Parole Agent to have stipulations reduced or removed.  Once a parolee submits his or her request, the Parole Agent consults with a containment team about that request.  The containment team, which consists of the parolee's treatment provider, a sex offender therapist or other mental health professional, district coordinator, polygraph examiner, or any other person deemed appropriate to provide information on the parolee, then makes a recommendation as to the request.  If a parolee, such as Lane-El, committed his sex offense against an adult and wishes to have contact with children, he must pass a sexual history polygraph without admissions of sexual interest in children, and provide information about his past.  The containment team would

then assess the parolee's potential risk to children and make a recommendation to the Parole Board. The Parole Board makes the final determination whether a parolee's parole should be modified.

[7] Lane-El did not request a modification of the conditions of his parole. Instead, on May 20, 2015, he filed a complaint for declaratory and injunctive relief and a motion for temporary restraining order and preliminary injunction, later amending the complaint on August 13, 2015. On September 17, 2015, the State filed its answer and a motion for summary judgment, alleging that Lane-El's complaint was premature as he had failed to exhaust his available administrative remedies prior to filing the complaint. Lane-El filed his opposition to the State's motion. The trial court granted the State's motion for summary judgment and dismissed Lane-El's amended complaint. Lane-El now appeals.

[8] Although the State argues that Lane-El has failed to present cogent argument in support of his claims on appeal, we need not decide this appeal on that ground. Generally, the failure to present cogent argument operates as a waiver of an issue on appeal. *Daniels v. State*, 515 N.E.2d 530 (Ind. 1987).

[9] This is an appeal from the trial court's order granting the State's motion for summary judgment. The entry of summary judgment is appropriate only when the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Liggett v. Young*, 877 N.E.2d 178 (Ind. 2007). All facts and reasonable inferences are construed in

favor of the non-moving party. *Id.* Our appellate review also includes careful review to ensure that a party is not improperly denied his or her day in court. *Id.*

[10] A claimant who has an available administrative remedy must pursue that remedy before being allowed access to the courts. *Higgason v. Lemmon*, 818 N.E.2d 500 (Ind. Ct. App. 2004), *trans. denied*. A party's failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction. *Id.* The policy behind this rule avoids premature litigation, permits the development of an adequate record for judicial review, and affords agencies the opportunity and autonomy to correct their own errors. *Id.* The uncontroverted evidence in this case reflects that Lane-El has failed to exhaust the administrative remedies outlined above with respect to modification of his parole stipulations. The trial court, therefore, properly granted summary judgment for the State on this ground.

[11] Because of our resolution of this issue, we need not address the merits of Lane-El's claims, as they are prematurely brought on an inadequately developed record.

[12] Judgment affirmed.

Mathias, J., and Barnes, J., concur.