**Dorayne PAULSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–478A117.

Court of Appeals of Indiana, Fourth District.

Aug. 15, 1979.

Rehearing Denied Sept. 19, 1979.

Michael A. Howard, Smith, Pearce, Barr & Howard, Noblesville, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Defendant-Appellant Dorayne Paulson (Paulson) brings this appeal following the jury's guilty verdict on charges of Robbery[1]

1. Ind.Code 35–13–4–6, repealed effective October 1, 1977. For current law see Ind.Code 35–42–5–1.

and Assault and Battery with Intent to Rape.[2]

Paulson presents the following issues for review:

1. Was the evidence insufficient to show a "taking from the person", thus rendering the judgment contrary to law?

2. Did the trial court err in overruling the Defendant's objection to testimony concerning the Defendant's alleged rape of another woman?

We agree with Paulson's second contention and reverse.

The facts most favorable to the State reveal that on April 8, 1977, the victim, Debra Cosner, met a friend, Rita Castor, at Syd's Bar in Noblesville, Indiana. The victim later introduced herself to Paulson and, after a short conversation, returned to her table and spent the remainder of the evening with her friend. Upon leaving the bar at approximately 3:00 a. m. on April 9, 1977, she proceeded to drive towards her home, but shortly thereafter pulled off the road when she noticed a two-tone pick-up truck was attempting to pass her. Apparently oblivious to the fact that the truck had stopped behind her, Cosner turned to see if the truck had passed when Paulson grabbed her in a headlock and began beating her about the head and upper body, calling her, "You bitch, you little whore, you slut." As she was being dragged from her car to Paulson's truck she managed to escape and run to a nearby house. Upon reaching the house she looked over her shoulder and saw Paulson enter his truck and drive away. When she returned to her automobile she discovered that her new purse containing over $80.00 was missing.

## I.

█ Paulson complains that reversible error was committed when the trial court admitted testimony by a woman allegedly raped by Paulson, the attack occurring approximately four months prior to the crimes charged in the present case. This evidence apparently was admitted for the purpose of showing the motive for Paulson's attack.

The general rule in Indiana concerning the admission of evidence of separate, independent and distinct crimes in establishing the defendant's guilt is that such evidence is inadmissible except where it is relevant to show intent, motive, purpose, identification, common scheme or plan. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830; *Meeks v. State* (1968), 249 Ind. 659, 234 N.E.2d 629; *Lockridge v. State* (1977), Ind. App., 359 N.E.2d 589. Additionally, such evidence must tend to prove a fact in issue and *its probative value must outweigh its prejudicial effect.* *Bruce v. State* (1978), Ind., 375 N.E.2d 1042, 1077.

The rape victim, a 29 year old married woman, testified that at 5:00 p. m. on December 13, 1976, while she was inspecting her new home located in northern Marion County, Paulson, who had driven to her house in a two-tone pick-up truck, gained entry by representing he was a workman who needed to inspect some work. He immediately threatened her and physically forced her downstairs to a storage area where he bound her hands and raped her. After the rape he took her car keys and removed her purse from her car. During her testimony she volunteered the fact that she was two months pregnant when the rape occurred.

We are mindful of authority which suggests evidence of a prior rape is relevant to the issue of "intent" when an assault and battery with intent to rape is charged. *Meeks v. State, supra; Lovely v. United States*, 169 F.2d 386 (4th Cir. 1948); 2 J. Wigmore, Wigmore on Evidence § 357 (3d Ed. 1940). However, in the case before us, when we compare the prior offense with the present charge it is apparent that its occurrence was so remote in time (four months earlier) and its facts and circumstances so dissimilar that its introduction served primarily, and dramatically, to dis-

---

**2.** Ind.Code 35–1–54–3, repealed effective October 1, 1977. For current law see Ind.Code 35–42–2–1.

play the evil and unsavory character of Paulson. On the other hand, we feel its contribution to the State's case was minimal and remote. Thus, we conclude the prejudice of this evidence far outweighed its relevance.

Additionally, this evidence cannot meet the test of harmless error. The evidence of "intent" to sexually assault the victim presented at the trial was meager. While Paulson was allegedly dragging the victim from her automobile the victim's breasts were touched, but this appeared to be the result of the violent attack and not for a sexual purpose. There being no strong evidence of Paulson's "intent" to rape we cannot find the admission of the prejudicial prior rape to be harmless beyond a reasonable doubt. *Moore v. State* (1972), 258 Ind. 200, 280 N.E.2d 57; *Dillard v. State* (1971), 257 Ind. 282, 274 N.E.2d 387; *Phillips v. State* (1977), Ind.App., 369 N.E.2d 434; *Hartwell v. State* (1974), 162 Ind.App. 366, 321 N.E.2d 222.

## II.

■ Since Paulson's remaining contention of error might arise in some form on remand we will address it here. Paulson asserts the evidence supporting his robbery conviction was insufficient because the State failed to show a "taking from the person" and, further, that the conviction was contrary to law. He claims the evidence can only support a conviction for theft because "[t]he only reasonable inference from the testimony is that the appellant [Paulson] removed the purse from the victim's car after the victim left the car." This argument is without merit. It is well settled that a "taking" need not be from the actual "person". A "taking" from the victim's personal presence is sufficient. *Groce v. State* (1968), 250 Ind. 582, 236 N.E.2d 597; *Finton v. State* (1963), 244 Ind. 396, 193 N.E.2d 134.

'Presence', within the rule that a taking of property from the presence of another may constitute a robbery, means a possession or control so immediate that violence or intimidation is essential to

sunder it. *A thing is in the presence of a person, with respect to robbery, which is so within his reach, inspection, observation, or control that he could, if not overcome by violence or prevented by fear, retain his possession of it.* (Our emphasis). 77 C.J.S. *Robbery* § 9 (1952).

*See also, Groce v. State, supra; Holt v. State* (1978), Ind.App., 383 N.E.2d 467; 67 Am.Jur.2d *Robbery* § 12 (1973).

The record in this case makes it clear that Paulson's vicious attack upon the victim caused her to flee to a nearby house, thereby preventing the retention of her purse. Thus, his subsequent taking of the purse from the victim's car was a "taking" from her "presence" within the meaning of the statute.

The judgment of the trial court is reversed and a new trial ordered.

YOUNG, J., concurs.

CHIPMAN, J., concurs in result.