**Steven R. SUTTON,
Defendant-Appellant,**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1280A362.**

Court of Appeals of Indiana,
First District.

June 30, 1981.

Larry D. Combs, Franklin, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

Defendant-appellant Steven R. Sutton (Sutton) was convicted by a jury in the Johnson Superior Court of robbery while armed with a deadly weapon under Ind. Code 35–42–5–1 (Supp.1980). He was sentenced to a term of imprisonment for ten years from which he appeals.

We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to the verdict discloses that on March 26, 1980, Sutton approached Kerry Aldridge (Aldridge) and Troy Park (Park) and solicited their participation in a scheme to make some money. The venture proved to be the robbery of the K and C Liquor Store in Trafalgar, Johnson County, Indiana. Pantyhose were procured for masks, and Sutton produced weapons either possessed or owned by him which consisted of a single-shot shot gun and a .22 caliber pellet gun pistol. Thus equipped, the three set out for the liquor store in Sutton's van. Sutton and Park, armed with the shot gun and pellet gun respectively, went to rob the store, while Aldridge remained in the van.

At approximately 8:00 p. m., Wayne Sneed, a part-time employee and sole attendant of the store at that time, opened the rear door of the store to throw some empty boxes and cartons in the trash. Approximately ten feet from the rear door he was confronted abruptly by Sutton and Park who were attired in their pantyhose masks and brandished weapons. Sutton told Sneed, in effect, don't move or I will kill you. Sneed, terrified, threw the boxes in the air and fled across the street to a filling station where he called the police. From that vantage point he could see the two men unsuccessfully try to open the cash register. Eventually they carried it away. The trio was apprehended. Much of the evidence recited herein came from Park and Aldridge, who testified for the State.

## ISSUES

Sutton presents two issues for review:

I. Whether a proper foundation was laid for the admission into evidence of State's exhibit No. 13, a shot gun, and State's exhibit No. 14, a .22 caliber pellet gun pistol, and whether the exhibits were relevant; and

II. Sufficiency of the evidence.

## DISCUSSION AND DECISION

*Issue I. Exhibits*

█ The State's first witness, Officer Price, testified that exhibit No. 13, a shot gun, and exhibit No. 14, a pellet gun, had been recovered by him pursuant to information supplied by the accomplice, Park. Sutton objected on the grounds that the weapons had not been connected sufficiently with the robbery and Sutton. The court admitted the exhibits on the condition that a connection be made. Sutton now argues that no further witness ever gave evidence connecting the weapons with him, and no proper foundation was laid. No motion was ever made by Sutton requesting the court to withdraw the exhibits and admonish the jury to disregard them, and he has, therefore, waived the issue. *Turczi v. State,* (1973) 261 Ind. 273, 301 N.E.2d 752.

Moreover, we discover that Park testified that Sutton possessed a pellet gun and a shot gun in his van before the robbery, and that he and Sutton used them in the robbery. The escape had been thwarted by police intervention, and, in their flight on foot, Park and Sutton hid the weapons. Upon being captured, Park led Officer Price to the guns. The question was never asked

Park if exhibits Nos. 13 and 14 were the weapons used by him and Sutton in the robbery. In his case-in-chief, Sutton admitted that exhibits Nos. 13 and 14 were owned or possessed by him and were in his van on the night of the robbery when he had loaned the van to Aldridge.

Sneed also testified the shot gun resembled the one used to rob him.

■ Admission of a photo of an automobile is relevant to show use in a robbery. *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639. However, a foundation must be laid connecting the evidence to the defendant. *Bobbitt v. State*, (1977) 266 Ind. 164, 361 N.E.2d 1193; *Rose v. State*, (1972) 258 Ind. 377, 281 N.E.2d 486; *Bullock v. State*, (1978) Ind.App., 382 N.E.2d 179. In *Bullock, supra,* the court held that a foundation had been laid when the victim testified that the weapon looked like the one used in the robbery. The court said that the sufficiency went to the weight, and not to the admissibility. Where accomplices identify the weapons used in the robbery, a sufficient foundation is laid. *Tippett v. State,* (1980) Ind., 400 N.E.2d 1115. The sufficiency of the foundations is a matter addressed to the sound discretion of the trial court and its decision will be reversed only for an abuse of that discretion. *Spears v. Aylor,* (1974) 162 Ind.App. 340, 319 N.E.2d 639.

We are of the opinion that a sufficient, logical connection was made by the State in its case-in-chief between the robbery, the use of the weapons, the secretion of them, and their recovery, to form a proper foundation for their admission into evidence. Any question of the connection would have been resolved upon the admission by Sutton of his prior possession and ownership of the weapons.

■ Further, reversal may not be predicated upon the erroneous admission of evidence when evidence of the same probative effect is admitted without objection. *Bobbitt, supra.* Here, both Park and Aldridge testified without objection that Sutton was armed with a shot gun and Park with a

pellet gun with which they committed the robbery.

We find no error under this issue.

*Issue II. Sufficiency of the evidence*

Sutton's argument on this issue can be stated as follows: When Sneed was confronted by Sutton and Park he was outside the K and C Liquor Store. He fled before they touched the cash register or any other property. Therefore, no property was taken from his person or from his presence under a threat of force, as required by Ind.Code 35–42–5–1. He further contends that there must be a concurrence between the act of putting the victim in fear and the act of taking the property.

Ind.Code 35–42–5–1, the robbery statute, reads as follows:

"Sec. 1. A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person."

In the case of *Paulson v. State,* (1979) Ind.App., 393 N.E.2d 211, the defendant had caught the victim in an automobile, but she escaped and fled to a nearby house leaving her purse and $80 in the car, which the defendant then took. There, the argument was made, as in the case at bar, that the purse was not taken from her person or presence. The court rejected this argument and held that the defendant's

"... vicious attack upon the victim caused her to flee to a nearby house, thereby preventing the retention of her purse. Thus, the subsequent taking of the purse from the victim's car was a 'taking' from her 'presence' within the meaning of the statute."

393 N.E.2d at 213.

The court in *Paulson, supra,* said further:

"A thing is in the presence of a person, with respect to robbery, which is so within his reach, inspection, observation, or control that he could, if not overcome by violence or prevented by fear, retain his possession of it." (Emphasis omitted.) *Id.* The ruling in *Paulson, supra,* was followed in *Wash v. State,* (1980) Ind.App., 408 N.E.2d 634. There, the victim was accosted in her own apartment, but fled to a neighbor's apartment. Thereafter, the defendant left the victim's apartment with her purse. In answer to the argument, as here made, the court in *Wash, supra,* said, "The victim's immediate or actual presence to the taking of property is not required." 408 N.E.2d at 637.

In effect, the holdings in *Paulson* and *Wash* are that a defendant is as much guilty of robbery by removing the victim from the presence of his property by force or fear as he would be by removing the property directly from the victim. Either way, the defendant parts the victim from his property by force or fear, and then gathers the possession unto himself. This is the proscribed conduct.

■ We hold that the liquor store and the cash register were within the reach, inspection, observation, and control of Sneed even as he stepped out back momentarily to dispose of empty boxes and cartons. We further hold that when the defendants drove Sneed away after instilling in him fear by verbal threats and the brandishment of weapons, they parted Sneed from his possessions. When they subsequently exercised control over the property the offense of robbery was complete.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.

1. IC (1978), 35–43–5–5.