Kinnie McGRAW, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8611–CR–388.

Court of Appeals of Indiana,
Fourth District.

March 2, 1987.

Rehearings Denied March 25, April 7, 1987.

CONOVER, Presiding Judge.

Defendant-Appellant Kinnie McGraw (McGraw) appeals his conviction for robbery,[1] theft,[2] and escape.[3]

We affirm in part, reverse in part, and remand.

ISSUES

McGraw raises two issues for our review. Restated, the issues are:

1. whether the trial court's judgment in finding McGraw guilty of robbery, theft, and escape is not supported by sufficient evidence and therefore contrary to law, and

2. whether the trial court committed reversible error in sentencing McGraw.

FACTS

On October 5, 1985, while on a routine patrol, Officer Charles Coldman of the Indianapolis Police Department (Officer Coldman) observed McGraw in front of a residence washing a car. Being aware there was an outstanding warrant for McGraw's arrest for driving while suspended, Officer Coldman left his police car in order to arrest McGraw. Officer Coldman then told McGraw to "drop the hose" and thereafter informed him he was "under arrest."

McGraw then attempted to run. Officer Coldman caught him and was able to place handcuffs on one of McGraw's wrists. McGraw continued to resist as Officer Coldman attempted to place him in the squad car. While this struggle continued, McGraw attempted to prevent Officer Coldman from using his police radio and eventually tore the microphone section of the radio away from Officer Coldman's belt. As officer Coldman again attempted to open the door of the squad car, McGraw ran away. Officer Coldman caught McGraw and again, a struggle ensued. While wrestling, McGraw threw Officer Coldman over his shoulder and ran across the street. At this time, Officer Coldman's gun came out of his holster, but neither he nor McGraw knew the gun had fallen to the ground.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

1.  IND.CODE 35–42–5–1.

2.  IND.CODE 35–43–4–2(a).

3.  IND.CODE 35–44–3–5.

McGraw then proceeded back across the street. He began searching for and eventually found a hat he had been wearing. McGraw then picked up Officer Coldman's revolver from the ground. McGraw grabbed the gun by its handle and pointed it toward the ground. Hearing police sirens approaching, McGraw fled with the gun, the police radio microphone, and the handcuffs.

McGraw was charged with and convicted of robbery, theft, and escape. He now appeals. Other facts necessary to our decision appear below.

## DISCUSSION AND DECISION

### I. *Standard of Review*

McGraw claims the trial court's judgment in finding him guilty of robbery, theft, and escape is not supported by sufficient evidence and is therefore contrary to law. Where sufficiency of the evidence is challenged on review, this court will neither weigh the evidence nor judge the credibility of witnesses; rather, we look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Burton v. State* (1986), Ind., 497 N.E.2d 535, 537; *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

### A. *Robbery*

Following our review of the record, we agree with McGraw's assertion there is insufficient evidence to support his conviction for robbery.

IND. CODE 35–42–5–1 states:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(a) by using or threatening the use of force on any person; or

(b) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

Applying this statute to the facts, we first note McGraw did not take the police revolver, the radio microphone, or the handcuffs from Officer Coldman. The revolver and the microphone were on the ground and the handcuffs were on one of his wrists. The next question, then, is whether these items were taken from the "presence of another person." In *Wash v. State* (1980), Ind.App., 408 N.E.2d 634, Judge Staton noted the prior opinion of Judge Miller in *Paulson v. State* (1979), Ind.App., 393 N.E.2d 211, 213,[4] wherein "presence" as it pertained to the robbery statute then in effect, was defined as follows:

" 'Presence', within the rule that a taking of property from the presence of another may constitute a robbery, means a possession or control so immediate that violence or intimidation is essential to sunder it. A *thing is in the presence of a person, with respect to robbery, which is so within his reach, inspection, observation, or control that he could, if not overcome by violence or prevented by fear, retain his possession of it.*" (Original emphasis). *Paulson, supra,* at 213, *quoting* 77 C.J.S. Robbery § 9 (1952). 408 N.E.2d at 637.

Both *Wash* and *Paulson* dealt with situations where a victim being attacked in an automobile was able to flee, but unfortunately left a purse behind in the automobile. In both cases, the defendant claimed because the victim had fled, the purse was not taken from the victim's "presence." The court rejected this argument in both cases, concluding the attack caused the victim to flee, thus resulting in an involuntary relinquishment of the purse.

▮ Here, on the contrary, no violence or intimidation caused Officer Coldman to relinquish control of his revolver and microphone. Thus, the important nexus between

---

4. The defendant's conviction in *Paulson* was reversed on other grounds. The court nevertheless addressed the "presence" issue because of its likelihood of repetition on retrial of the matter.

the taking of the property and the violence or intimidation used in furtherance of the taking has not been established. *See Rowe v. State* (1986), Ind.App., 496 N.E.2d 585, 590–591. Further, were we to find the revolver and microphone had been taken from the presence of Officer Coldman, there is insufficient evidence to support the conclusion McGraw used or threatened to use force, or put Officer Coldman in fear. To sustain a criminal conviction, there must be probative evidence to support each element of the offense beyond a reasonable doubt. *Phillips v. State* (1986), Ind., 492 N.E.2d 10, 18. Finding such evidence lacking here, we reverse the conviction for robbery.

### B. *Theft*

McGraw contends because the evidence is insufficient to show a robbery occurred, it is equally insufficient to show theft. We disagree with this contention. The elements of theft are that the defendant knowingly or intentionally exerted unauthorized control over the property of another with an intent to deprive the other person of any part of its value or use. *Woods v. State* (1983), Ind., 456 N.E.2d 417, 418; I.C. 35–43–4–2(a). In a theft prosecution, intent to deprive the owner of the use or benefit of his property may reasonably be inferred from the fact of unauthorized possession and the totality of the circumstances surrounding the events of the case. *Collins v. State* (1976), 169 Ind.App. 375, 348 N.E.2d 413, 415. Given the factual sequence in the case at bar, we find the elements of theft were proven beyond a reasonable doubt.

### C. *Escape*

McGraw next contends the evidence in insufficient to prove he is guilty of escape. Specifically, McGraw contends because Officer Coldman was only able to place one handcuff on his wrist before the struggle began, he was never under "lawful detention" pursuant to the escape statute. This argument is without merit.

IND.CODE 35–44–3–5(a) states:

A person who intentionally flees from lawful detention commits escape, a Class C felony. However, the offense is a Class B felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person.

IND.CODE 35–41–1–18 states in pertinent part:

"Lawful detention" means arrest, ....

An arrest is defined as "the taking of a person into custody, that he may be held to answer for a crime." IND. CODE 35–33–1–5. An arrest has occurred when police officers interrupt the freedom of an accused and restrict his liberty of movement. *Phillips v. State* (1986), Ind., 492 N.E.2d 10, 17; *Armstrong v. State* (1982), Ind., 429 N.E.2d 647, 651. In this case, Officer Coldman told McGraw he was "under arrest" because of an outstanding warrant for driving while suspended. Officer Coldman then proceeded to handcuff McGraw. Accordingly, McGraw's freedom was interrupted and his liberty of movement was restricted. As such, we find no error in his conviction for escape following his flight from lawful detention.

### II. *Sentencing*

McGraw next contends the trial court committed reversible error in sentencing him "to a sentence greater than appropriate" and for failing to explain the aggravating circumstances or to balance the mitigating circumstances. We disagree with this assertion of error.

McGraw was convicted of robbery, a class C felony, theft, a class D felony, and escape, a class C felony. The presumptive sentence for a class C felony is five years (IND.CODE 35–50–2–6) and the presumptive sentence for a class D felony is two years (IND.CODE 35–50–2–7). McGraw was given the presumptive sentence on each count, to be served concurrently.

A statement of reasons is generally not required when the presumptive sentence is given. *Hensley v. State* (1986), Ind., 497 N.E.2d 1067, 1069. When a presumptive sentence is imposed it is assumed

the trial court considered all the proper statutory factors. *Owens v. State* (1986), Ind., 497 N.E.2d 230, 233. We will not revise the sentence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Sen. 2. McGraw has failed to show how it was manifestly unreasonable for the trial court to impose the presumptive sentences, to be served concurrently.

McGraw's conviction for robbery is reversed. We remand this cause to the trial court with directions to vacate McGraw's conviction for robbery and to resentence him accordingly.

In all other respects, the trial court is affirmed.

MILLER and STATON, JJ. concur.