**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**TOLO aka ALBERT BERNARD, Defendant**

High Court of American Samoa
Trial Division

CR No. 54-93

July 5, 1994

Before KRUSE, Chief Justice, and TAUANU`U, Chief Associate Judge.

Counsel: For Plaintiff, Rosemary H. Kaholokula, Assistant
 Attorney General
 For Defendant, Barry I. Rose, Assistant Public
 Defender

Order on Motion to Admit Evidence of Prior Conduct:

The government seeks to admit three previous incidents from the

defendant's past. These include a conviction for trespassing, a conviction for burglary/assault/attempted rape, and a "peeping" incident that involved no conviction. The government seeks to admit these acts as evidence of the defendants identity. In these matters we look to the probative worth of the offered evidence against the dangers of unfair prejudice, confusion of the issues, and misleading the jury.

■ In the case before us, the offered evidence certainly has probative value, however, its value speaks more to defendant's proclivity to commit crimes in general, rather than his participation in the crime at hand. This speaks to defendant's character, and has a high probability of instigating the jury to convict because defendant "is a bad person" - an unallowable inference. This holds true even though the prior crimes show propensity to commit crimes of a particular class, rather than in general. *See People v. Alcala*, 685 P.2d 1126 (Cal. 1984).

■ Here the government asserts that there are enough commonalities between the current charged offense and the prior acts. We disagree. The three prior incidents occurred
in the Tafuna ASG Housing complex. While the latest incident occurred close to this complex, this geographical proximity is not enough to admit the evidence. Additionally, the bulk of the other similarities forwarded by the government are qualities shared by many would-be rapists. The fact that an attacker is wearing little or no clothing, at night, carrying a weapon and targeting women, is a description that does not take this defendant out of the "general class" of those prone to commit such crimes. Instead of going to the modus operandi/identity of this particular defendant, such evidence tends only to mark him as one of an undesirable, unremarkable sub-class, a distinction that would have a prejudicial effect and tend to mislead the jury. *See People v. Rivera*, 710 P.2d 362 (Cal. 1985).

■ Another factor to be considered is the length of time between the prior crimes and acts and the incident at hand. Although evidence that would otherwise fall under this exception may be admitted even though it occurred some time ago, the incidents at issue here are not probative enough to overcome this barrier. *See Paulson v. State*, 393 N.E.2d 211 (Ind. 1979).

The government's contention that this evidence is "critical to their case" is unpersuasive. The government has the complainant's identification already ruled admissible by this court. Admitting these prior acts, that on balance are more prejudicial than probative, would serve only as cumulative evidence.

111

Therefore, the motion to admit prior crimes, wrongs or acts should be denied for the reasons detailed above.

It is so ordered.