Christian SANDERS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A05–9803–CR–129.

Court of Appeals of Indiana.

July 13, 1999.

Donald W. Pagos, Michigan City, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

KIRSCH, Judge

Christian Sanders appeals his conviction by a jury of carjacking,[1] a Class B felony, raising three issues for our review:

1. *See* IC 35–42–5–2.

I. Whether the evidence is sufficient to support his conviction.

II. Whether he was entitled to an instruction on theft as a lesser included offense.

III. Whether the trial court properly enhanced his sentence.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 4, 1996, Kathy Pender drove her eleven-year-old son, Damien, to pick up some medication at a drug store. Pender went inside the store while Damien waited in the car. There were "for sale" signs in the car's windows, so when Sanders approached Damien, asking if the car was for sale and whether he could look inside, Damien opened the door. Sanders got in and sat in the driver's seat. He then pulled out a gun, pointed it at Damien, and told him to get out of the car. Damien got out of the car and ran inside the drug store where he told Pender what had happened. When the police arrived, Damien gave them a description of Sanders. Shortly thereafter, the police apprehended Sanders in the stolen car.

Sanders was arrested and charged with carjacking. A jury convicted him, and he appeals.

**DISCUSSION AND DECISION**

**I. Sufficiency of the Evidence**

A person commits carjacking when he "knowingly or intentionally takes a motor vehicle from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear[.]" IC 35–42–5–2. The State charged Sanders with "knowingly or intentionally [taking] a motor vehicle from another person, namely Kathy Pender, and from the presence of another person, namely Damion [sic] Pender, by using or threatening the use of force on Damion [sic] Pender and by putting Damion [sic] Pender in fear." *Record* at 10. On appeal,

Sanders claims that there was insufficient evidence to support the allegation that he took the car from the presence of Damien Pender because Damien got out of the car and ran into the drug store without seeing Sanders drive off in the car.[2]

When reviewing claims of insufficient evidence, this court considers only the evidence and the reasonable inferences arising therefrom which support the verdict. *Davis v. State*, 672 N.E.2d 1365, 1366 (Ind. Ct.App.1996). Without weighing the evidence or determining witness credibility, we will affirm a conviction if the evidence and inferences establish that a trier of fact could reasonably conclude that the defendant was guilty beyond a reasonable doubt. *Boushehry v. State*, 648 N.E.2d 1174, 1176 (Ind.Ct. App.1995).

The essence of Sanders' argument is that the "presence" element of carjacking requires proof that the victim was "immediately" present when the car was taken. Sanders recognizes that presence has been defined in the robbery context in a manner that rejected the immediacy requirement. *Wash v. State*, 408 N.E.2d 634, 637 (Ind.Ct. App.1980) (citing *Paulson v. State*, 181 Ind. App. 559, 393 N.E.2d 211 (1979)). Nonetheless, Sanders argues that carjacking should be distinguished from robbery and an immediacy requirement imposed.

We reject Sanders' argument because our supreme court has held that for purposes of IC 35–41–1–16 which defines included offenses, carjacking " 'is established by proof of the same material elements or less than all the material elements required to establish the commission' of robbery as a Class A felony." *Goudy v. State*, 689 N.E.2d 686, 698 (Ind.1997) (quoting IC 35–41–1–16). Thus, because carjacking and Class A robbery have the same material elements, the presence

element is the same for both offenses.[3] Accordingly, we hold that the taking of a motor vehicle from a person's presence does not require proof that such presence was immediate in order to sustain a conviction for carjacking.

## II. Lesser Included Offense Instruction

Sanders next contends that the trial court erred by refusing to give his tendered instruction on theft as a lesser included offense of carjacking. When a trial court is presented with a request to instruct the jury on a lesser included offense of the crime charged, a three-step analysis is required:

"(1) a determination of whether the lesser included offense is inherently included in the crime charged; if not, (2) a determination of whether the lesser included offense is factually included in the crime charged; and, if either, (3) a determination of whether a serious evidentiary dispute existed whereby the jury could conclude the lesser offense was committed but not the greater."

*Charlton v. State*, 702 N.E.2d 1045, 1048 (Ind.1998) (citing *Wright v. State*, 658 N.E.2d 563, 566–67 (Ind.1995)). If the trial court reaches step three of the analysis, but does not make a finding on the existence or lack of a serious evidentiary dispute, then we review the trial court's refusal of the instruction de novo, based upon our own review of the evidence. *Champlain v. State*, 681 N.E.2d 696, 700 (Ind.1997).

Employing the three-step analysis, we first determine whether theft is an inherently included offense of carjacking. In *Wright,* our supreme court stated that this determination is made by employing the statutory definition of a lesser included offense which encompasses an offense that "is established by proof of the same material elements or less than all the material elements required to establish

---

**2.** Sanders also argues that there is insufficient evidence to establish that he took the car from the presence of Kathy Pender. Because Sanders was charged with taking the car from Kathy Pender, not with taking the car from her presence, the State was not required to prove such an allegation, and we do not address the issue.

**3.** *Goudy* was limited to cases where the motor vehicle for purposes of the carjacking offense

was also the property for purposes of the robbery offense. The court specifically stated that no included offense problems would ordinarily arise "[i]f a person was convicted of Carjacking for the taking of a motor vehicle and of Robbery for the taking of some *other* property[.]" *Goudy,* 689 N.E.2d at 698. This limitation has no bearing on the presence element we address today.

the commission of the offense[.]" *Wright,* 658 N.E.2d at 566 (quoting IC 35–41–1–16(1)).

◼ As noted above, carjacking is accomplished by a person who "knowingly or intentionally takes a motor vehicle from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear[.]" IC 35–42–5–2. Theft is accomplished by a person who "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" IC 35–43–4–2. Also as noted above, our supreme court has held that for purposes of IC 35–41–1–16, carjacking is a lesser included offense of Class A robbery when the property underlying the robbery offense is the same as the motor vehicle underlying the carjacking offense. *Goudy,* 689 N.E.2d at 698. This court has held that for purposes of double jeopardy, theft is a lesser included offense of robbery because "Theft does not contain an element which is not contained in the Robbery statute." *Mitchell v. State,* 690 N.E.2d 1200, 1209 (Ind. Ct.App.1998), *trans. denied.* Thus, if carjacking is established by proof of the same material elements as Class A robbery, and theft is established by proof of the same material elements as robbery, then theft is an inherently included offense of carjacking. Accordingly, the first step of the *Wright* analysis is satisfied.

◼ We turn then to the third step of the *Wright* analysis—whether a serious evidentiary dispute exists regarding the element distinguishing theft from carjacking. The element that distinguishes theft from carjacking, which has the same material elements as robbery, is the use of force, threat of force, or placing the victim in fear. *See Mitchell,* 690 N.E.2d at 1209 (distinguishing theft and robbery).

◼ Here, the trial court did not make a finding as to whether a serious evidentiary dispute existed regarding whether Sanders

used force, the threat of force, or placed the victim in fear to take the car, and our review of the Record reveals that there was none. Damien testified without contradiction that Sanders pointed a gun at him and told him to get out of the car. This was sufficient to establish the threat of force. *See Mendelvitz v. State,* 416 N.E.2d 1270, 1273 (Ind.Ct.App. 1981) (force element of Class C robbery means "[a]ny threat of force, conveyed by word or gesture, or by the brandishing of a *gun, knife, or some other deadly weapon*[.]"). The trial court properly refused Sanders' tendered instruction on theft as a lesser included offense of carjacking.

### III. Sentencing

Sanders next argues that the trial court erroneously imposed an enhanced fifteen-year sentence.[4] He claims that the court's sentencing statement was inadequate because it used a material element of the offense as an aggravating circumstance and because the court did not make any particularized findings beyond merely listing the aggravating circumstances.

◼ Sentencing decisions rest within the trial court's sound discretion. *Fuller v. State,* 639 N.E.2d 344, 349 (Ind.Ct.App.1994). Where, as here, a defendant challenges his sentence based upon the nature of the aggravating and mitigating circumstances and the trial court's balancing of those circumstances, as opposed to a challenge to the reasonableness of the sentence, we review the sentence to determine whether the trial court correctly applied the law and do not consider whether the sentence is reasonable. *See Shields v. State,* 699 N.E.2d 636, 638–39 n. 2 (Ind.1998). When enhanced or consecutive sentences are imposed, the record must reflect the court's consideration of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. *Fuller,* 639 N.E.2d at 349. The court's statement should set forth: "[A]ll significant aggravating and mitigating circumstances, include a specific reason why each circumstance is mitigating or aggrava-

---

4. IC 35–50–2–5 provides that the presumptive term for a Class B felony is ten years to which no more than ten years may be added for aggrava-

ting circumstances and no more than four years subtracted for mitigating circumstances.

ting, and weigh mitigating circumstances against the aggravating factors." *Sims v. State,* 585 N.E.2d 271, 272 (Ind.1992) (citation omitted).

The trial court found one mitigating circumstance: Sanders' age of eighteen years; and three aggravating circumstances: Sanders' prior criminal record, the victim was less than twelve years old, and Sanders used a gun to commit the crime. Finding that the aggravating circumstances outweighed the mitigating circumstance, the trial court imposed an enhanced sentence.

 Sanders challenges the aggravating factor that the crime was committed with the use of a gun, claiming that this was a material element of the offense and, as such, cannot be used as a basis for enhancing his sentence. When the use of force is an element of the offense, as opposed to being armed or injuring the victim, the nature of the threatened force is not material. *Mendelvitz,* 416 N.E.2d at 1273. Use of force, not use of a weapon, is an element of carjacking. Thus, the fact that Sanders used a gun to exert force over Damien was not material to the offense and use of this as an aggravating factor was proper. Because we conclude that this aggravating factor was proper, we need not address the challenges Sanders makes to the other aggravating circumstances. *See Kingery v. State,* 659 N.E.2d 490, 496 (Ind.1995) (because existence of single aggravator will support enhanced sentenced, no need to review each aggravator challenged).

Affirmed.

GARRARD, J., and NAJAM, J., concur.