MAXWELL, J.,
for the Court:
¶ 1. During Deon Carter’s trial for aggravated assault, the Hinds County Circuit Court allowed the State to call an expert witness out of order, after Carter had presented his case. On appeal, Carter claims this variance in the order of proof requires reversal. Because Carter alleges neither an impairment in his ability to respond to the witness nor other resulting prejudice, we find no abuse of circuit judge’s discretion by taking evidence out of order. We affirm Carter’s conviction and sentence.
BACKGROUND FACTS
¶2. This case concerns an aggravated assault, leading to a traumatic brain injury, that started over a pair of shoes. Carter believed Damion Bracey had taken a pair of black Nike Air Force One shoes from Carter. And multiple witnesses testified Carter confronted Bracey about the shoes and punched him in the face, incapacitating Bracey. One witness, Jonathan Thompson, testified that while Bracey was lying on the ground, Carter kicked him “a couple of times” in the head. Several defense witnesses disagreed that Carter kicked Bracey but acknowledged Carter had punched him in face, knocking him unconscious. There was also testimony from defense witnesses that, after Bracey had been knocked down, Bracey’s older brother attempted unsuccessfully to urge Bracey to get up and fight back. And when he failed to fight back, Bracey’s brother purportedly got mad and tackled Bracey. At trial, Bracey’s brother disputed this.
*703 ¶ 3. As a result of the assault, Bracey suffered “life threatening” brain injuries from blunt force trauma, requiring surgery to remove a portion of his skull to reduce swelling. Carter was convicted of aggravated assault and sentenced to ten years’ imprisonment, with five years suspended and three years’ post-release supervised probation.
DISCUSSION
¶ 4. On appeal, Carter claims reversible error arose when the circuit judge: (1) allowed the State to call an expert witness out of order, and (2) admitted a photograph of Bracey taken at the hospital and allowed Bracey’s mother to testify about his injuries.
I. Out-of-order Testimony
A. Dr. Parent’s Expert Testimony
¶ 5. Following a recess in the State’s case, the State informed the circuit judge that its last witness, Dr. Andrew Parent, a pediatric neurosurgeon who had operated on Bracey, was unavailable to testify because he was performing surgery. The circuit judge asked defense counsel if she was ready to proceed with her case-in-chief. Defense counsel responded that her “position is that the State needs to rest before the defendant puts on [his] case.” The judge explained she would allow the State to take the witness “out of order.” Carter’s attorney noted her concern but explained: “[Otherwise, the defense is ready to proceed[,] after ... the standard motion ... at the end of the State’s case.” The circuit judge agreed to allow defense counsel to a make a motion “for a directed verdict at that time.”
¶ 6. Before defense counsel proceeded with Carter’s case, the judge explained to the jury:
[T]he State has advised the court that [Dr. Parent] will be their last witness before resting. And in the interest of time the court has decided to proceed forward with the defendant’s case and take this witness out of order. It is not an unusual procedure. Oftentimes, we have to take witnesses that are difficult to get in and out of court out of order. The only thing that I would do in the morning is remind you that this witness is in the State’s case and you are to perceive the witness as if he had actually come in here at 8:00 [on July 27] as a part of the State’s case. But we will move forward at this time without the State having rested its case and suspend their portion of the evidence and testimony until in the morning when the witness is able to give testimony ... You are to presume that we have completed the State’s case in chief except for the one witness!.]
The next day, after Carter had presented his case, but before Dr. Parent testified, Carter’s counsel requested a directed verdict. The circuit judge denied the motion as “premature.” And immediately before Dr. Parent testified, the judge instructed the jury:
[Dr. Parent] would have been called in the State’s case in chief. We are taking him out of order. The court instructs the jury that you are to remember that although the defendant has had witnesses, this witness will be available to you in the State’s case in chief, and you are to take his testimony just as if he had given it as the last witness for the State yesterday.
¶ 7. Dr. Parent testified as an expert in pediatric neurosurgery and detailed the extent and severity of Bracey’s injuries, as well as the surgery he performed on Bra-cey. In Dr. Parent’s opinion, one blow could have potentially caused Bracey’s blood clot, brain swelling, and skull fracture. But he suspected “several blows” *704 had been inflicted. On cross-examination, Dr. Parent explained that he could not say to a reasonable degree of medical certainty how many blows Bracey had received.
¶ 8. After Dr. Parent testified, the State rested its case. Immediately after, Carter rested without calling additional witnesses. He then moved for a directed verdict, which the circuit judge denied.
B. Calling a Witness Out of Order
¶ 9. Because defense counsel preserved the issue of the out-of-order testimony, we will discuss the merits.[1] Though Mississippi courts have not addressed the precise issue before us, the exercise of discretion over the mode and manner of questioning witnesses is founded in Mississippi Rule of Evidence 611. Under Rule 611(a):
The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
By ordering the defense to proceed with its case-in-chief, the circuit judge aimed to minimize the “needless consumption of time,” rather than postpone proceedings until Dr. Parent was available to testify for the State. Carter disagrees that such discretion was authorized in these circumstances under Rule 611.
¶ 10. Carter contends the Mississippi Supreme Court’s recent decision in Deviney Construction Co. v. Marble, 60 So.3d 797 (Miss.2011) supports reversal. In Deviney, a civil case, the plaintiff in its casein-chief called two of the defendant corporation’s fact witnesses as adverse witnesses. The circuit judge decided each witness would only be allowed to testify once. The judge overruled Deviney’s objection to this procedure and denied Deviney the opportunity to recall its two fact witnesses during its case-in-chief. Id. at 799-800 (¶ 6). In reversing a verdict in favor of Marble, the supreme court held that when exercising discretion under Rule 611(a), a trial judge cannot “do anything he or she wishes.” Id. at 802 (¶ 13) (quoting Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss.1985)). While trial judges have “broad discretion under Rule 611(a) to manage the pace of a trial by placing ‘reasonable’ limits on the ‘mode and order of interrogating witnesses,’ ” they may not “unduly interfere] with the presentation of either party’s case.” Id. at 803 (¶ 14) (quoting Rule 611(a)).
¶ 11. Unlike Deviney, here the out-of-order testimony was based on an undisputed conflict with Dr. Parent’s surgery schedule. And Carter was not prevented from calling witnesses supporting his defense. Nor does he point to any other prejudice resulting from the circuit judge’s handling of Dr. Parent’s testimony. Thus, we do not find the circuit judge unduly interfered with the presentation of Carter’s case.
1f 12. Other jurisdictions have dealt more closely with the issue before us. The Maryland Court of Appeals has held:
*705 Even if the trial court clearly rules that certain testimony is not rebuttal evidence, the court may nonetheless exercise its discretion to vary the order of proof and admit it as part of the case in chief at the rebuttal stage in order to meet the requirements of a particular case, so long as this action does not impair the ability of the defendant to answer and otherwise receive a fair trial.
Booze v. State, 94 Md.App. 331, 617 A.2d 642, 646 (1993). And the Indiana Court of Appeals has similarly reasoned:
It is within the sound discretion of the trial court to permit a witness to testify during rebuttal regarding a matter which is not in rebuttal but is related to the State’s case in chief, and the irregularity in so doing will not be treated as reversible error unless the defendant was prevented from presenting rebuttal evidence thereto.
Wash v. State, 408 N.E.2d 634, 639 (Ind.Ct.App.1980) (citation omitted). We find these approaches to be sound, particularly in light of our supreme court’s explanation that a trial judge should lean toward reception of evidence, absent prejudice, when exercising his or her discretion in deciding whether evidence offered in rebuttal is more akin to case-in-chief evidence. See Smith v. State, 646 So.2d 538, 543-44 (Miss.1994).[2]
¶ 13. Here, Carter essentially asks us to infer prejudice, then find reversible error, based on the variance in the order of testimony. But there is no allegation that the State withheld Dr. Parent’s testimony to gain an unfair advantage. And Carter offers no specifics as to why the change in line-up impaired his ability to answer Dr. Parent’s testimony. Indeed, after Dr. Parent testified, the defense rested, without making any attempt to respond to or in any way refute Dr. Parent’s testimony.
¶ 14. Though he asserts no actual prejudice, Carter does suggest on appeal that the State’s burden was somehow imper-missibly shifted to him when the judge allowed the State to call Dr. Parent out of order. We find the record does not support this claim. Rather, the circuit judge twice advised the jury that Dr. Parent’s testimony should be considered with the State’s case-in-chief. The circuit judge also properly instructed the jury on the burden of proof before they deliberated. Furthermore, while Carter’s appeal neither challenges the sufficiency nor weight of the evidence, to the extent he implies a directed verdict should have been granted when Carter initially requested it, we disagree. Even absent Dr. Parent’s testimony, we find the State properly survived a directed verdict because it offered sufficient evidence Carter committed an aggravated assault — including eyewitness testimony that Carter punched Bracey in the face, then kicked him in the head “a couple of times.” See Miss.Code. Ann. § 97-3-7(2)(a) (Supp.2011) (“A person is guilty of aggravated assault if he ... attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or *706 recklessly under circumstances manifesting extreme indifference to the value of human life[.]”).
¶ 15. Considering the circumstances before us, we find the circuit judge acted within her broad discretion in varying the order of witnesses.
II. Admission of Photograph and Bracey’s Mother’s Testimony
¶ 16. Carter argues the circuit judge erred by admitting, over his objection, a photograph of Bracey, taken by Bracey’s mother while he was recovering from the “craniotomy” procedure performed by Dr. Parent. Carter contends the photograph, which shows Bracey wearing an eye patch and displays that a portion of his skull had been removed, was irrelevant and prejudicial. He also suggests the trial judge should have restricted Bracey’s mother from testifying because she had no direct knowledge about the assault.
¶ 17. A trial court’s admission of photographs is reviewed for an abuse of discretion. Dampier v. State, 978 So.2d 221, 280 (¶ 25) (Miss.2008). “The discretion of the trial judge is almost unlimited regardless of the gruesomeness, repetitiveness, and the extenuation of probative value.” Id. (quotations and citations omitted). “So long as a photograph has probative value and its introduction serves a meaningful evidentiary purpose, it may still be admissible despite being gruesome, grisly, unpleasant, or even inflammatory.” Id. (quotations and citations omitted).
¶ 18. Mississippi Rule of Evidence 401 — which is applicable to Carter’s challenge to both the photograph and Bracey’s mother’s testimony — defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Admission is favored “[i]f the evidence has any probative value at all[.]” M.R.E. 401 emt. Mississippi Rule of Evidence 403 allows relevant evidence to “be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” (Emphasis added).
¶ 19. Our inquiry is whether the photographs and Bracey’s mother’s testimony have any meaningful evidentiary purpose. Here, the State was required to prove Bracey suffered “serious bodily injury.” And the circuit judge allowed Bra-cey’s mother to testify about “his physical condition at the scene and his treatment in terms of the severity of his injury.” But she held that “testimony as to anything else about who did it, where it occurred and how it occurred, would be excluded.” Bracey awoke from a coma in the hospital and did not remember the assault. Bra-cey’s mother testified he suffered optic nerve damage and was required to have a portion of his skull removed to relieve brain swelling. The photograph supplemented Dr. Parent’s and Bracey’s mother’s testimony about the seriousness of his injuries. Because we find that the photograph was neither cumulative nor unfairly prejudicial and that Bracey’s mother’s testimony was relevant to the severity of his injuries, we find the circuit court remained within its discretion in admitting both.
¶ 20. THE JUDGMENT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI *707 DEPARTMENT OF CORRECTIONS WITH FIVE YEARS TO SERVE, FIVE YEARS SUSPENDED, AND THREE YEARS’ POST-RELEASE SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. The State suggests in its brief that Carter waived this issue on appeal because his counsel merely made a “comment” that the State needed to rest before Carter put on his case. But we find the record shows Carter’s counsel, while not literally using the word "objection,” did sufficiently raise the issue before the circuit judge, allowing her the opportunity to rule on the question of the order of testimony. Cf. Austin v. State, 971 So.2d 1286, 1288 (¶ 8) (Miss.Ct.App.2008) (finding that, to preserve a question for appeal, it has to be presented to the trial court, giving the court the “an opportunity of committing error”) (quoting Stringer v. State, 279 So.2d 156, 158 (Miss.1973)).

. The Smith court explained:
[W]hen the question is not free from doubt whether the evidence offered in rebuttal is that which belongs to the evidence in chief, or whether it is rebuttal evidence proper, the court should resolve the doubt in favor of the reception in rebuttal where (1) its reception will not consume so much additional time as to give an undue weight in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as well prepared to meet it by surrebuttal as if the testimony had been offered in chief, and (3) the opposite party upon request therefor is given the opportunity to reply by surrebut-tal.
Smith, 646 So.2d at 543-44.